IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WORLD IGBO CONGRESS INC. § | | |
| and JOE N. ETO, In His Capacity as § | | |
| Chairman of the Board of Directors, § | | |
| Plaintiffs, § | | |
| § | CIVIL ACTION NO. H-14-3213 | |
| v. § | | |
| § | | |
| CHIEF CYRIL NWAGURU, *et al.*, § | | |
| Defendants. § | | |

**MEMORANDUM AND ORDER**

This trademark infringement case is based on a dispute between Joe N. Eto and Chief Cyril Nwaguru regarding which individual is authorized to act on behalf of the World Igbo Congress, Inc. ("WIC"). The case is now before the Court on Nwaguru's Motion to Dismiss [Doc. # 10], to which Plaintiffs WIC and Eto filed a Response [Doc. # 13]. Having reviewed the full record and applicable legal authorities, the Court **denies** the Motion to Dismiss.

**I.    BACKGROUND**

The Igbo are one of three major ethnic groups in Nigeria. WIC is an umbrella organization of various Igbo groups throughout the United States. "World Igbo Congress" is a federally-registered trademark owned by WIC.

There is a dispute regarding who is authorized to act on WIC's behalf in connection with the "World Igbo Congress" trademark. Eto alleges that at the WIC Annual Convention in 2014 he was duly elected Chairman of the WIC Board of Directors. Nwaguru alleges that Eto was deemed disqualified from running for election in 2014 because of his criminal indictment for fraud and racketeering, an indictment to which he has now pled guilty and been sentenced. Nwaguru alleges also that he was re-elected in 2014 as the WIC General Secretary and, as a result, is authorized to use the "World Igbo Congress" trademark. Eto alleges that Nwaguru was not re-elected in 2014.

Eto, purportedly on behalf of WIC, filed this lawsuit against Nwaguru alleging, *inter alia*, infringement of the "World Igbo Congress" trademark and seeking injunctive relief.[1] Nwaguru moved to dismiss the trademark infringement claim and the request for injunctive relief, and the motion is fully briefed and ripe for decision.

## II.     STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d

---

[1]     Plaintiffs also sued Best Western Capital Beltway for "making its premises available" to Nwaguru for a meeting in November 2014.

141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.

### III.   ANALYSIS

The two elements of a federal trademark infringement claim are (1) the plaintiff owns a legally protectible mark, and (2) the defendant is infringing the trademark and causing a likelihood of confusion. *See Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 236-37 (5th Cir. 2010). A plaintiff who establishes the elements of a federal trademark infringement claim may, if appropriate, be entitled to a permanent injunction against future infringement. *See, e.g., Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 342 (5th Cir. 2002).

Plaintiffs have alleged that WIC is the owner of the federally-registered trademark "World Igbo Congress" and that Nwaguru is using the mark without authority, thereby causing confusion and the diminution of WIC's goodwill. These

allegations, should they be proven to the satisfaction of a jury, are sufficient to avoid dismissal of the trademark infringement claim and the request for permanent injunctive relief.

## IV.    CONCLUSION AND ORDER

Plaintiffs have alleged that WIC is the owner of the "World Igbo Congress" trademark, and that Eto is authorized to act on WIC's behalf in connection with the trademark. Plaintiffs have alleged that Nwaguru is using WIC's trademark without authority, causing confusion. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss [Doc. # 10] the trademark infringement claim and the request for injunctive relief is **DENIED**. It is further

**ORDERED** that the case remains scheduled for a pretrial and scheduling conference on **April 6, 2015 at 2:00 p.m.**

Signed at Houston, Texas, this **11th** day of **March, 2015.**

_____
Nancy F. Atlas
United States District Judge