United States District Court
Southern District of Texas
**ENTERED**
May 17, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WORLD IGBO CONGRESS INC. § <br> and JOE N. ETO, In His Capacity as § <br> Chairman of the Board of Directors, § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> CHIEF CYRIL NWAGURU, *et al.*, § <br>     Defendants. § | CIVIL ACTION NO. H-14-3213 |

## **MEMORANDUM AND ORDER**

This trademark infringement case is based on a dispute between Joe N. Eto and Chief Cyril Nwaguru regarding which individual is authorized to act on behalf of the World Igbo Congress, Inc. ("WIC"). The case is now before the Court on Nwaguru's Motion to Confirm the Outcome of Binding Mediation ("Motion") [Doc. # 39], to which Plaintiffs WIC and Eto filed a Response [Doc. # 41] and a Supplemental Response [Doc. # 44]. On April 26, 2016, the Court conducted a hearing on the Motion in order to determine whether the parties entered into an enforceable agreement that the mediation would be binding. Having considered the evidence presented at the hearing, having reviewed the record, and having applied relevant legal

authorities, the Court finds that there was no enforceable agreement for the mediation to be binding and, therefore, **denies** the Motion.

## I.   BACKGROUND

The Igbo are one of three major ethnic groups in Nigeria. WIC is an umbrella organization of various Igbo groups throughout the United States. "World Igbo Congress" is a federally-registered trademark owned by WIC.

There parties dispute who is authorized to act on WIC's behalf in connection with the "World Igbo Congress" trademark. Eto alleges that at the WIC Annual Convention in 2014 he was duly elected Chairman of the WIC Board of Directors. Nwaguru alleges that Eto was deemed disqualified from running for election in 2014 because of his criminal indictment for fraud and racketeering, an indictment to which he has now pled guilty and been sentenced. Nwaguru alleges also that he was re-elected in 2014 as the WIC General Secretary and, as a result, is authorized to use the "World Igbo Congress" trademark. Eto alleges that Nwaguru was not re-elected in 2014.

Eto, purportedly on behalf of WIC, filed this lawsuit against Nwaguru alleging, *inter alia*, infringement of the "World Igbo Congress" trademark and seeking injunctive relief. The parties attempted to resolve their dispute with the assistance of four prior WIC Chairmen (the "Prior Chairmen"). At least a majority of the Prior

Chairmen recommended that the lawsuit be settled by having a new election that would be monitored by the Prior Chairmen. Plaintiffs did not agree to that recommendation.

Defendants assert that the parties agreed that the decision of the Prior Chairmen would be binding and should be enforced notwithstanding Plaintiffs' failure to agree with that decision. Plaintiffs deny entering into an agreement for binding mediation. Defendants' Motion to Enforce the Outcome of the mediation has been fully briefed, the Court has heard evidence on the issue, and the Motion is now ripe for decision.[1]

## II.   REQUIREMENTS FOR ENFORCEABLE AGREEMENT FOR BINDING MEDIATION

The issue in this case is whether there was an enforceable agreement that the decision of the Prior Chairmen would be binding on all parties even if a party did not agree with the decision. Federal law determines whether a settlement is enforceable "where the substantive rights and liabilities of the parties derive from federal law." *Mid-S. Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984). The Local Rules for the Southern District of Texas provide that the "results of all ADR

---

[1] The Court originally reserved May 11, 2016, as a date to continue testimony and to complete the hearing. After the April 26, 2016, hearing, the Court advised that it would rule on the Motion based on the existing record unless either party requested by April 29, 2016, to resume the hearing on May 11, 2016. *See* Hearing Minutes and Order [Doc. # 51]. Neither party requested an opportunity to present additional evidence on May 11, 2016 and, as a result, the evidentiary record is closed.

proceedings approved by this rule are non-binding unless the parties agree otherwise in a written agreement or by announcement in open court." LR 16.4.H.

## III.   ANALYSIS

The evidence presented during the hearing establishes that the process in which the parties engaged was a mediation. Counsel and the Prior Chairmen referred to the process as a "mediation" and to the Prior Chairmen as "mediators." Prior Chairman Okeke, a certified mediator in Houston, advised the other three Prior Chairmen about the mediation process. He told them specifically that the mediation process involved the mediator(s) recommending a manner in which the dispute could be resolved. Prior Chairman Okeke advised the others that their recommendation, if accepted by the parties, would become a binding agreement. Prior Chairmen Egwuomwu and Diogu testified that the mediators presented their decision to the parties as a recommendation and not as a binding decision.

Prior Chairman Egwuomwu testified that the mediators discussed among themselves, and with the parties and counsel present, that a mediation is confidential and that, as a result, no photographs or audio recordings would be allowed. He described the process used during the mediation, in which the parties were in different rooms and the mediators moved between the two rooms assisting the parties in their attempt to resolve their dispute. These procedures indicate that the process used in

this case was a typical mediation.  Eventually, because no party consensus was reached, the Prior Chairmen recommended a solution.  At that point, the parties were able either to accept or reject that recommendation.  Prior Chairman Diogu testified that when Plaintiffs rejected the recommendation, he declared the mediation an impasse.

On the date of the mediation, the Prior Chairmen produced a handwritten document entitled "Mediators Position."  *See* Defendants' Exh. 8.  Later, a typewritten document entitled "The Outcome of the World Igbo Congress Mediation" was produced advising that the mediators "resolved" that there should be a new election.  *See* Defendants' Exh. 9.  The weight of the evidence indicates that these documents reflected the Prior Chairmen's recommendation or position, and not a ruling or other binding decision.

Based on the overwhelming weight of the evidence, the Court finds that the parties engaged in a mediation.  Defendants have failed to establish that this District's requirements for the mediation to be binding were satisfied.  Counsel for Plaintiffs, in an email sent to defense counsel and the Prior Chairmen, advised that counsel "had a series of discussions on this mediation" and that the process would be "consistent with the applicable rules of mediation in Texas and in the Federal Court for the Southern District of Texas."  *See* Email dated Dec. 20, 2015, Plaintiff's Exh. 3.  Prior

Chairman Egwuomwu testified during the March 7 hearing that Plaintiff Eto and his attorney reminded the Prior Chairmen at the beginning of the mediation that the process would be governed by the rules of Texas and the Southern District of Texas. As set forth above, the Local Rules of the Southern District of Texas require either a written agreement or a statement in open court for a mediation to be binding. There is no dispute that the parties did not announce in open court an agreement that the mediation before the Prior Chairmen would be binding.

There is no written agreement stating specifically that the decision of the Prior Chairmen would be binding. In an agreed request to extend the mediation deadline, filed December 6, 2015, the parties state that they have "agreed to be bound by the outcome of the foresaid Mediation."[2] *See* Agreement to Enlarge Time Required for Mediation [Doc. # 37]. The statement, however, is ambiguous. Defendants assert that the statement reflects the parties' agreement that the decision of the Prior Chairmen would be binding. Plaintiffs assert, however, that the statement reflects only that if the outcome of the mediation was a settlement agreement between the parties, that

---

[2] Although not asserted by any party, the Court notes that the statement in the Agreement to Enlarge Time Required for Mediation does not support judicial estoppel against Plaintiffs' current argument that there was no agreement that the mediation would be binding. Specifically, the prior statement is ambiguous and there was no acceptance of the statement by the Court. *See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 347 (5th Cir. 2008) (two requirements for the application of judicial estoppel are (1) the position of the party to be estopped must be clearly inconsistent with a prior position, and (2) the court must have accepted the prior position).

agreement would be binding. The Court finds that the parties have not complied with the requirements of this Court's Local Rules and, as a result, there was no enforceable agreement for the Prior Chairmen's recommendation to be binding on all parties.

## IV. **CONCLUSION AND ORDER**

The weight of the evidence establishes that the parties in this case participated in a mediation which resulted in an impasse. Defendants have failed to show that any agreement for the decision of the Prior Chairmen to be binding was either reduced to writing or announced in open court. As a result, any agreement for binding mediation is not enforceable. It is, therefore, hereby

**ORDERED** that the Motion to Confirm the Outcome of the Binding Mediation [Doc. # 39] is **DENIED**. It is further

**ORDERED** that the case remains scheduled for docket call on **June 28, 2016 at 11:00 a.m.**

Signed at Houston, Texas, this **17th** day of **May, 2016.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE